## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **YANHU YI** | § | |
| Plaintiff | § | |
| | § | **CIVIL ACTION NO. _____** |
| | § | |
| | § | **JURY DEMANDED** |
| **vs.** | § | |
| | § | |
| **NUTRIBULLET, L.L.C. and** | § | |
| **CAPITAL BRANDS, L.L.C.** | § | |
| **Defendants** | § | |
| | § | |
| | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

### I.

### NATURE OF THE CASE

1.      This is a products liability tort case.  Plaintiff, Yanhu Yi, (Y. Yi) sustained serious burns to her upper body while using a Nutribullet Blender (the blender) to prepare a smoothie for her daughter.

2.      The blender is manufactured and marketed by by Defendants, NUTRIBULLET, LLC (NUTRIBULLET) and CAPITAL BRANDS, LLC (CAPITAL) who were responsible for the design, manufacture, production, testing, inspection, labeling, marketing, advertising, sales, promotion, and/or distribution of the blender that caused Plaintiff Y. Yi's injuries.

3.      This product has been the subject of numerous lawsuits around the nation for the same type of experience and injury suffered by Y. Yi.

4.      As a result of properly using the blender, Plaintiff experienced severe burns, hospitalization, disfigurement, and continued medical complications, and suffered additional economic damages.

5.      Plaintiff Y. Yi's lawsuit against Defendants NUTRIBULLET and CAPITAL asserts claims and seeks damages for negligence; strict product liability for design defect, strict product liability for failure to warn; strict product liability for manufacturing defect; and breach of implied warranty.  Plaintiff Y. Yi also seeks punitive damages.

## II.

## JURISDICTION AND VENUE

6.      Plaintiff is a resident of the Southern District of Texas.  Defendants are limited liability companies organized under the laws of the State of California with the citizenship of all their members in states other than the State of Texas.  Defendants' principle places of business are in states other than the State of Texas.

7.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.  The amount in controversy as to each Defendant exceeds the sum of $75,000, exclusive of costs and interest, and the action is between citizens of different states.

8.      Venue in this District is proper under 28 U.S.C. §1391.  The events and omissions giving rise to Plaintiff's causes of action occurred in substantial part in this District, where Defendants transact business.

## III.

## THE PARTIES

### Plaintiff

9.      At all relevant times, Plaintiff Y.Yi was a resident and citizen of Harris County, Texas.

### Defendants

10.     Defendant NUTRIBULLET, LLC is a California Limited Liability Corporation with its principle place of business located in Westlake Village, California.  Defendant Nutribullet

may be served through its registered agent for service: Mark K. Suzumoto, 11601 Wilshire Blvd Fl 23, Los Angeles, CA 90025-1759.

11.     Defendant CAPITAL BRANDS, LLC is a California Limited Liability Corporation with its principle place of business located at Los Angeles, California.   Defendant Capital may be served through its registered agent for service: Mark K. Suzumoto, 11601 Wilshire Blvd Fl 23, Los Angeles, CA 90025-1759.

## IV.

## FACTUAL ALLEGATIONS

12.     Nutribullet and Capital are now, and at all times mentioned in this complaint were, engaged in the business of designing, manufacturing, distributing and selling compact design countertop electric blenders for use by members of the general public, throughout the United States, including the State of Texas.

13.     One of the blenders designed, manufactured, distributed, and sold by Nutribullet and Capital is a compact designed electric countertop blender, with a unique extractor blade that twists directly onto a specially designed cup, allowing both blending and drinking from the same vessel, marketed under the name "Nutribullet."

14.     On September 29, 2015, Y. Yi was using the blender, when the blender began to emit smoke and exploded, causing hot liquids to severely burn her upper body and further causing property damage to her kitchen and interior ceiling the residence.

## V.

## CLAIMS FOR RELIEF

### 1.  NEGLIGENCE

15.     Plaintiff realleges all previous paragraphs.

16.     Although Defendants CAPITAL and NUTRIBULLET had a duty to use reasonable care in designing, testing, inspection, manufacturing, packaging, labeling, marketing, distributing, training, and preparing written instructions and warnings for the blender, they failed to do so.

17.     Defendants knew, or in the exercise of reasonable care should have known, that the Blender was defectively and unreasonably designed and/or manufactured, and was unreasonably dangerous and likely to injure users such as Y. Yi.  They also knew or should have known that Plaintiff Y. Yi was unaware of the dangers and defects inherent in the Blender.

18.     As a direct and proximate result of Defendants' negligence in designing, testing, inspecting, manufacturing, packaging, labeling, marketing, distributing, training and preparing written instructions and warnings for the Blender, Plaintiff Y. Yi suffered injuries and damages as summarized in this Original Complaint.

## 2.  STRICT LIABILITY:  DESIGN DEFECT

19.     Plaintiff realleges all previous paragraphs.

20.     The above-described blender, manufactured and introduced into the stream of commerce by Nutribullet and Capital and purchased by the Plaintiff, contained a defect or defects that made it unreasonably dangerous when used in a manner and for the purpose for which it was intended, such that the blender was subject to overheating and exploding during its normal use. Further, Defendants failed to design against such dangers, and failed to provide adequate warnings and instructions concerning these risks.

21.     Defendants expected and intended for the Blender to reach users such as Plaintiff Y. Yi in the condition in which the product was sold.  At the time of the incident, the blender was in the same condition it was in when manufactured and placed into the stream of commerce by Nutribullet and Capital.

22.     The use of the Blender to make a smoothie was reasonable and was a type of use that Defendants intended and foresaw when they designed, manufactured and sold the product.

23.     The risks of the Blender design significantly outweigh any benefits that Defendants contend could be associated with the design.  The Blender was designed in such a manner that there was a significant risk of explosion from routine use of the blender.  The Blender was designed without an internal thermal breaker so that the Blender would shut off prior to an explosion.  The Blender was designed without an exterior kill switch to permit the Blender to be externally turned off prior to an explosion.

24.     At the time the Blender was used by the Plaintiff, the warnings and instructions provided by Defendants were inadequate and defective.  As described above, there was an unreasonable risk that the product would not perform safely and effectively for the purposes for which it was intended, and Defendants failed to design and/or manufacture against such dangers, and failed to provide adequate warnings and instructions concerning these risks.

25.     At the time the Blender was being used by the Plaintiff, there were safer feasible alternative designs for Blenders that would have prevented the injuries suffered.

26.     The Blender failed to reasonably perform as intended and in fact exploded upon use causing severe burns and scarring.  Thus it provided no benefit to the Plaintiff.

27.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Blender, Plaintiff Y. Yi suffered injuries and damages as summarized in this Original Complaint.

### 3.  STRICT LIABILITY:  FAILURE TO WARN

28.     Plaintiff realleges all previous paragraphs.

29.     At the time the Plaintiff was using the Blender, the warnings and instructions Defendants provided for the Blender were inadequate and defective.  As described above, there

was unreasonable risk that the product would not perform safely and effectively for the purposes for which it was intended. Defendants failed to design and/or manufacture against such dangers, and failed to provide adequate warnings and instructions concerning these risks.

30. Defendants expected and intended the Blender to reach users such as Plaintiff in the condition in which the product was sold.

31. Plaintiff was unaware of the defects and dangers of the Blender, and was unaware of the frequency, severity, and duration of the defects and risks associated with the Blender.

32. Defendants' failed to warn or adequately warn the public, including the Plaintiff, that use blender could result in explosion, potentially causing serious injuries or even death. Furthermore, Defendants' failed to warn, or adequately warn, the public, including the Plaintiff, of the risk of overheating/over pressurization of contents of the blender that could result in explosion or burns.

33. If Plaintiff had been properly warned of the defects and dangers of the Blender, and of the frequency, severity and duration of the risks associated with the Blender, she would not have purchased and/or used the Blender.

34. As a direct and proximate result of the inadequate and defective warnings and instructions, Plaintiff Y. Yi suffered injuries and damages as summarized in this Original Complaint.

### 4. STRICT LIABILITY: MANUFACTURING DEFECT

35. Plaintiff realleges all previous paragraphs.

36. The Blender contained a manufacturing defect when it left the possession of Defendants. The Blender differs from their intended result and/or from other ostensibly identical units of the same product line.

37.     The manufacturing defects in the Blender were a producing cause of Plaintiff Y. Yi's injuries and damages specified in this Original Complaint.

## 5.  BREACH OF IMPLIED WARRANTY

38.     Plaintiff realleges all previous paragraphs.

39.     At the time Defendants designed, manufactured, produced, tested, studied, inspected, labeled, marketed, advertised, sold, promoted and distributed the Blender for use by Plaintiff Y. Yi, they knew of the intended use of the Blender, and impliedly warranted their product to be of merchantable quality, and safe and fit for its intended use.

40.     When the Blender was being used by Plaintiff, it was being used for the ordinary purposes for which it was intended.

41.     Plaintiff relied upon Defendants' implied warranties of merchantability in purchasing and using the Blender.

42.     Contrary to such implied warranties, the Blender was not of merchantable quality, and was not safe and/or was not fit for its intended use.  The Blender was unreasonably dangerous and unfit for the ordinary purposes for which it was used.  Defendants failed to warn of known or reasonably knowable defects in the Blender.

43.     As a direct and proximate result of the conduct of Defendants, Plaintiff Y. Yi suffered the injuries and damages described in this Original Complaint.

## 6.  BREACH OF EXPRESS WARRANTY

44.     At all times material, Defendants executed an express warranty to Plaintiff whereby Defendants expressly warranted the blender sold to the Plaintiff to be free of defects of the type that would cause the blender to overheat and explode.

45.     The Plaintiff at all times material hereto, were in privity of contract with the Defendants as beneficiary of the express warranty.  Said express warranty was delivered to the

Plaintiff as part of the sale of the blender and was consideration for the sale of the blender.  Plaintiff did not have possession of the express warranty, the express warranty is available to the Defendants, and one will be obtained in discovery.

46.     The Defendants manufactured and sold the Plaintiff the blender in a condition not fit for ordinary use, that is to say, that the blender was subject to overheating and exploding.

47.     At all times material hereto, Plaintiff was the original purchaser of the blender which is the subject of this suit.

48.     The Defendants had reasonable notice that the Plaintiff intended to rely upon upon all applicable warranties, both express and implied, which Defendants have failed to honor.

49.     As a direct and proximate result of the Defendants' breach of the express warranty, the Plaintiff suffered damages, including bodily injury and resulting pain and suffering, disability, mental anguish, lost capacity for the enjoyment of life, the expense of hospitalization and medical care and treatment, lost wages, and impaired earning capacity and property damage.  These losses are permanent and continuing in nature and Plaintiff will suffer these losses in the future.

### 7.  PUNITIVE DAMAGES

50.     Plaintiff realleges all previous paragraphs.

51.     Defendants failed to adequately test and study the Blender to determine and ensure that the product was safe and effective before releasing it for sale; and they continued to manufacture and sell the Blender after obtaining knowledge and information that the product was defective and unreasonably unsafe.

52.     Defendants were aware of the probably consequences of the use of the Blender, including the risk of explosion and serious injury, such as suffered by Plaintiff Y. YI.  They willfully and recklessly failed to avoid those consequences, and in doing so, acted intentionally, maliciously and recklessly with regard to the safety of those persons who might foreseeably have

been harmed by the Blender, including Plaintiff Y. Yi, justifying the imposition of punitive damages.

## VI.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Yanhu Yi seeks judgment against Defendants NUTRIBULLET, LLC and CAPITAL BRANDS, LLC, jointly and severally, as follows:

1.      economic and non-economic damages in an amount in excess of $75,000 as to each Defendant, as provided by law and to be supported by the evidence at trial;

2.      an award of attorneys' fees and costs of suit, as allowed by law; and

3.      such other legal and equitable relief as this Court deems just and proper.

## VII.

## JURY DEMAND

Plaintiff Yanhu Yi requests a trial by jury.

Respectfully submitted,

**THE MIDANI LAW FIRM**

By:     /s/Mark O. Midani
        Mark O. Midani
        SBOT# 14013250
        Bridgit A. White
        SBOT# 24008269
        1616 S. Voss, Suite 450
        Houston, Texas 77057
        TEL:  (713) 871-1001
        FAX:  (713) 871-1054